IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM TODD JACKSON,

           Plaintiffs,

v.                                                                      CIVIL ACTION NO. 3:14-cv-24834

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

           Defendant.

## MEMORANDUM OPINION AND ORDER

      This action seeks review of the Social Security Commissioner's final decision denying the Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income Benefits. Pursuant to a standing order issued under 28 U.S.C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge R. Clarke VanDervort for proposed findings of fact and recommendation for disposition. The Magistrate Judge submitted proposed findings and recommended that Plaintiff's motion for judgment on the pleadings be denied, that the like motion of Defendant be granted, and the decision of the Commissioner be affirmed. *Proposed Findings and Recommendation* 17 (Aug. 31, 2015), ECF No. 16. Plaintiff, Mr. William Jackson ("Jackson"), now objects to the Findings and Recommendation. *Objections to Proposed Findings and Recommendations* (Sept. 14, 2014), ECF No. 17 [hereinafter *Objections*]. For the reasons below, the Court grants Plaintiff's objections, reverses the Commissioner's decision, and remands this case back to the Commissioner.

## I.     Background

Jackson filed applications for Title II Disability Insurance Benefits ("DIB") and for Title XVI Supplemental Security Income disability benefits ("SSI") on July 15, 2011, alleging disability as of January 1, 2009 due to limited mobility of the upper body, arthritis, back and joint problems, foot problems, and high blood pressure. (Tr. at 17, 164-65, 166-73.) His claims were denied initially and upon reconsideration. (Tr. at 17, 56-63, 64-71, 72-73, 74-80, 81-87, 88-898, 90-92, 101-03, 105-07, 108-10, 112.) Jackson requested a hearing before an Administrative Law Judge (ALJ), and a hearing was held on January 23, 2013. (Tr. at 8, 25-55, 115–18.)

By decision dated February 1, 2013, the ALJ determined Jackson was not entitled to benefits. (Tr. at 17-24.) According to the ALJ's written decision, Jackson satisfied the first inquiry because Jackson had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 19, Finding No. 2.) Under the second inquiry, the ALJ found that Jackson suffered from "degenerative disc disease, degenerative joint disease of the bilateral shoulders and left elbow, bilateral carpal tunnel syndrome, and depressive disorder," which were severe impairments. (Tr. at 19, Finding No. 3.) In the third inquiry, the ALJ concluded that Jackson's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 19, Finding No. 4.) The ALJ found, based on the medical record and Jackson's testimony, that Jackson is limited to work involving simple tasks and instructions, and that Jackson experiences moderate deficiencies in concentration, persistence, or pace. (Tr. at 20.) The ALJ then found:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except he can occasionally climb, balance, stoop, kneel, crouch, and crawl; he can occasionally reach overhead with the bilateral upper extremities; and he can frequently reach in other directions with the bilateral upper extremities. He should avoid concentrated exposure to cold, vibrations and hazards. He can occasionally handle with the left arm and frequently finger bilaterally. He is able to perform work involving simple tasks and instructions.

(Tr. at 21, Finding No. 5.) At step four, the ALJ found that Jackson was unable to perform his past relevant work. (Tr. at 22, Finding No. 6.) On the basis of testimony of a Vocational Expert taken at the administrative hearing, the ALJ concluded that Jackson could perform jobs such as a cashier, an order clerk, and, at the unskilled, light level of exertion and as a surveillance system monitor, credit card information verifier, and grader/sorter, at the unskilled, sedentary level of exertion. (Tr. at 23-24, Finding No. 10.) On this basis, benefits were denied. (Tr. at 24, Finding No. 11.)

The ALJ's decision became the final decision of the Commissioner on June 23, 2014, when the Appeals Council denied Jackson's request for review. (Tr. at 1-7.) Jackson filed the present action seeking judicial review of the administrative decision on August 19, 2014, pursuant to 42 U.S.C. § 405(g). *Complaint* (Aug 19, 2014), ECF No. 2.

## II. Standard of Review

This Court must "make a *de novo* determination of those portions of the ... [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see e.g.*, *Berry v. Colvin*, No. 14-9859, 2015 WL 1506128, at *1 (S.D. W. Va. Mar. 31, 2015). When this Court reviews a final agency decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 301 *et seq.*, it must ask whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached under the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

Secretary." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Rather, a court's review is limited to whether, based on the whole record, the ALJ considered the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

It is not the role of the courts to search for reasons for a decision which were not furnished by the ALJ. *See Tanner v. Astrue*, C/A No. 2:10–1750–JFA, 2011 WL 4368547, at *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, the Fourth Circuit stated that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citation omitted). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

The Social Security Regulations follow a "five-step sequential evaluation process" to determine disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2014). If a claimant is found "disabled or not disabled" at any point, it is unnecessary to make further inquiry. *Id.* at §§ 404.1520(a)(4), 416.920(a)(4). The first step in the process is to determine whether a claimant is engaged in substantial gainful activity. *Id.* at §§ 404.1520(a)(4)(i) & (b), 416.920(a)(4)(i) & (b). If the claimant is not engaged in substantial gainful activity, the second step is to determine whether the claimant suffers from a severe impairment. *Id.* at §§ 404.1520(a)(4)(ii) & (c), 416.920(a)(4)(ii) & (c). If a severe impairment is found, the third step is to determine whether such impairment

meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(a)(4)(iii) & (d), 416.920(a)(4)(iii) & (d). If a claimant meets step three, the claimant is disabled and awarded benefits. *Id.* If the claimant does not meet step three, the fourth step is to decide whether the impairments prevent the claimant from performing past relevant work. *Id.* at §§ 404.1520(a)(4)(iv) & (e), 416.920(a)(4)(iv) & (e). If a claimant satisfies step four, there is a *prima facie* case of disability, and the burden shifts to the Commissioner. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866, 868–69 (4th Cir. 1983). The fifth step is then to determine whether the claimant is able to perform other types of substantial gainful activity, considering the claimant's physical and mental capacities, age, education, and prior work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) & (f), 416.920(a)(4)(v) & (f). It is the Commissioner's burden to show (1) the claimant has the capacity to perform another job considering the claimant's age, education, work experience, skills, and physical shortcomings and (2) the specific alternative job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir.1976).

### III. Discussion

Jackson raises two objections to the Magistrate Judge's Proposed Findings and Recommendation, and contends the ALJ's decision does not rest on substantial evidence due to two alleged errors in the ALJ's analysis. First, Jackson objects to the Magistrate's proposed finding that the Residual Functional Capacity ("RFC") assessment was proper as made by the ALJ. *Objections* at 2. Second, Jackson objects to the Magistrate's proposed finding that the ALJ posed a legally sufficient controlling hypothetical question to the vocational expert ("VE"). *Id.* at 2. Jackson's objections are discussed in turn below.

1. **The ALJ erred in determining Jackson's RFC**

First, Jackson argues the ALJ erred in assessing Jackson's RFC by not conducting a function-by-function analysis. More precisely, Jackson claims the ALJ erred by not discussing in the RFC assessment Jackson's concentration, persistence, and pace limitations found by the ALJ.

Social Security Ruling 96–8p explains how ALJs should assess a claimant's RFC. SSR 96–8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996). The Ruling instructs that the RFC assessment must first identify the individual's functional limitations or restrictions, and then assess the claimant's work-related abilities on a function-by-function basis. *Id.* "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Id.* The Ruling further explains that the RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at 34,478.

In the instant case, the ALJ credited Jackson's testimony and in the RFC assessment noted, "mental limitations are found based upon [Jackson's] testimony." (Tr. at 22). As for work-related abilities, the ALJ concluded that Jackson could perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), including work involving simple tasks and instructions. But in determining Jackson's RFC, the ALJ did not expound further upon Jackson's mental limitations. Specifically, the RFC assessment failed to explain how, if at all, Jackson's mental limitations were taken into account in determining Jackson's RFC, e.g., how Jackson's mental limitations affected Jackson's work-related abilities on a function-by-function basis.

In assessing Jackson's RFC, the ALJ should have meaningfully considered Jackson's mental limitations, which requires explaining—in a manner reviewable by this Court—how Jackson could perform light work despite his moderate mental limitations. *See Bryant v. Colvin*,

571 F. App'x 186, 190 (4th Cir.) *cert. denied,* 135 S. Ct. 727, 190 L. Ed. 2d 454 (2014) ("When determining a claimant's RFC, the ALJ considers all . . . impairments, even if they are not 'severe'") (citing 20 C.F.R. § 404.1545(a)); *see also Morgan v. Barnhart*, 142 F. App'x 716, 721 (4th Cir. 2005) (remanding for redetermination of RFC where ALJ's RFC was inconsistent with credited evidence). However, the ALJ did not explain in any way how Jackson could perform light work while laboring under moderate mental limitations. Such a failure may not require remand in every case, but it will when the failure prevents an opportunity for meaningful review. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) ("Because we are left to guess about how the ALJ arrived at his conclusions on [claimant's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended, remand is necessary."). Here, the ALJ's one-line summary statement that moderate mental limitations were found, unaccompanied by any explanation of the effect those mental limitations have on Jackson's ability to perform light work, does not afford this Court an opportunity to meaningfully review the ALJ's decision. *See Radford*, 734 F.3d at 295. On remand, the ALJ should explain in the RFC how, if at all, Jackson's mental limitations affect his ability to perform the functions required by light work involving simple tasks and instructions.

   **2. The ALJ erred in forming the controlling hypothetical question without a limitation related to concentration, persistence, or pace**

Next, Jackson argues the ALJ erred in forming the controlling hypothetical question without a limitation specific to an inability to stay on task. An inability to stay on task, Jackson asserts, is "part and parcel of moderate limitations in concentration, persistence, or pace," and therefore should have been included in the controlling hypothetical. In short, Jackson argues that if the ALJ found that Jackson had limitations in concentration, persistence, or pace, which here the

ALJ did find, the controlling hypothetical should have included an inability to stay on task. To supports this position, Jackson points to *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

In *Mascio*, the ALJ concluded at step three that the claimant had moderate difficulties in concentration, persistence, or pace, but the hypothetical the ALJ gave to the VE included nothing about such limitations. *Mascio*, 780 F.3d at 637–38. On appeal, the Fourth Circuit followed sister circuits and ruled that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). The court reasoned that an ability to perform simple tasks differs from an ability to stay on task, and only a limitation with the latter would account for a limitation in concentration, persistence, or pace. *Id.* On remand, the ALJ was either to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not affect the claimant's RFC, or to pose a new hypothetical to the VE with the concentration, persistence, and pace limitation.

In the instant case, the ALJ found, based on the overall medical record and Jackson's testimony, that Jackson is limited to light work involving simple tasks and instructions. (Tr. at 21). The ALJ further found that Jackson experiences moderate deficiencies in his concentration, persistence, or pace. (Tr. at 20). In assessing Jackson's RFC, however, the ALJ's only mention of mental limitations was to reiterate the ALJ's earlier finding.[1] Additionally, the ALJ did not include in the controlling hypothetical any mention of mental limitations. If the ALJ found Jackson had moderate mental limitations related to concentration, persistence, or pace—which here the ALJ found—the ALJ should have either included those limitations in the hypothetical or explained in

---

[1] Specifically, the ALJ wrote, "[m]ental limitations are further found based upon the claimant's testimony." *ALJ Hearing Decision* 6.

the RFC assessment why, despite finding these moderate mental limitations, it was unnecessary to include them in the hypothetical. *Mascio*, 780 F.3d at 638. Failure to do so requires remand. *Id.*

The Commissioner attempts to distinguish *Mascio* from this case by comparing the claims and evidence presented in *Mascio* to the claims and evidence presented here. However, what was pivotal in *Mascio* was not the claims or evidence presented in the agency proceeding, but the ALJ's finding. In *Mascio*, the ALJ found moderate mental limitations related to concentration, persistence, or pace,[2] and the Fourth Circuit ruled that in light of such a finding the ALJ must either pose a hypothetical including those limitations or explain in the RFC assessment why it was unnecessary to include such limitations in a hypothetical to the VE. *Mascio*, 780 F.3d at 637–38.

This Court can assume that Jackson, in proceedings before the ALJ, did not claim any mental impairment and he presented only "scant evidence" of any mental impairment, *Defendant's Response to Plaintiff's Objection* 2 (Sept. 25, 2015), ECF No. 18, but this assumption does not alter the need for remand. What matters is that at step two the ALJ found Jackson had moderate mental limitations related to concentration, persistence, or pace. (Tr. at 20). Under *Mascio*, the ALJ—having found moderate mental limitations related to concentration, persistence, or pace—should have either (1) included a limitation for concentration, persistence, and pace in the hypothetical or (2) explained in the RFC assessment why including this limitation was unnecessary. *See Mascio*, 780 F.3d at 638. The ALJ did neither,[3] making it impossible for this Court to review the ALJ's decision that Jackson is not disabled. *See Mascio*, 780 F.3d at 638 (remanding when ALJ found limitations in concentration, persistence, and pace but gave no such

---

[2] Notably, the ALJ had concluded the claimant's allegation related to mental limitations was "less credible," but nonetheless the ALJ found the claimant had mental limitations. *Mascio*, 780 F.3d at 638.

[3] As discussed earlier, the ALJ's RFC assessment did mention Jackson's mental limitations but did not explain how, if at all, they affect Jackson's ability to work.

limitation in hypothetical nor explanation as to why the limitation was omitted). Therefore the Court is unable to affirm the ALJ's decision that Jackson is not disabled, and remand is in order. *Id.*

### IV. Conclusion

Accordingly, for the foregoing reasons, the Court **GRANTS** Jackson's objections to the Magistrate Judge's Proposed Findings and Recommendation, **REVERSES** the decision of the Commissioner, **REMANDS** this action to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order, and **DISMISSES** this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented parties.

ENTER: September 30, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE